IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMES M. JONES,
    Plaintiff,

vs.                              Case No.:  3:04cv362/MCR/EMT

MICHAEL J. ASTRUE,[1]
Commissioner of the
Social Security Administration,
    Defendant.
_____/

## ORDER, REPORT AND RECOMMENDATION

    This matter is before the court upon Plaintiff's Application for Attorney Fees Under The Equal Access to Justice Act (EAJA) (Doc. 34) and Defendant's response thereto (Doc. 35).

    In Plaintiff's motion, Plaintiff seeks an award of attorney fees totaling $925.00 (Doc. 34 at 1). Defendant has responded to the motion and states that he does not contest the award of attorney fees totaling $925.00.

    The Equal Access to Justice Act, 28 U.S.C. § 2412, allows for the award of attorney fees and other expenses against the government provided, 1) the party seeking such fees is the "prevailing party" in a civil action brought by or against the United States; 2) an application for such fees, including an itemized justification for the amount requested, is timely filed within thirty (30) days of the final judgment in the action; 3) the position of the government is not substantially justified; and 4) no special circumstances make an award unjust. The absence of any one of the above factors precludes an award of fees. 28 U.S.C. § 2412(d)(l)(A), (B).

    In Shalala v. Schaefer, 509 U.S. 292, 113 S. Ct. 2625, 124 L. Ed. 2d 239 (1993) the Supreme Court held that a social security Plaintiff who obtained a remand reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) was the "prevailing party," and as such was entitled to attorney fees and expenses under the EAJA. Here, the court reversed the decision of the

---

[1] Michael J. Astrue succeeded Jo Anne B. Barnhart, and is presently the Commissioner of Social Security. Therefore, he is automatically substituted as Defendant. See Fed. R. Civ. P. 25(d)(1).

Commissioner and remanded the case for further proceedings (*see* Docs. 19, 20).  Although the reversal was pursuant to sentence six of § 405(g), Plaintiff is similarly entitled to fees.  Additionally, Plaintiff's application for fees was timely filed, the Commissioner's position was not substantially justified, and no special circumstances make an award unjust.  Moreover, Defendant does not disagree that fees should be paid in this case (Doc. 35).  Accordingly, Plaintiff is clearly entitled to fees.

With regard to the question of the reasonableness of the fee sought, 28 U.S.C. § 2412(d)(2)(A) states:

> (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)

Plaintiff's attorney seeks compensation for time spent representing Plaintiff in court-related proceedings and in obtaining an award of fees from the court at the rate of $125.00 per hour (Doc. 34).  Defendant does not contest the award of attorney fees totaling $925.00, based upon a reasonable amount of time expended on Plaintiff's behalf and the statutory hourly rate claimed by Plaintiff's attorney.  Thus, attorney fees totaling $925.00 should be awarded.

Based upon the foregoing, it is **ORDERED**:

The clerk of court is directed to change the docket to reflect that Michael J. Astrue substituted for Jo Anne B. Barnhart as Defendant.

And it is respectfully **RECOMMENDED** that:

1.	Plaintiff's Application For Attorney Fees And Costs (Doc. 34) be granted as follows:

> Plaintiff's counsel, Byron A. Lassiter, Esquire, is entitled to recover fees and expenses in the amount of $925.00 for representing Plaintiff before the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 2412 (EAJA); the amount of attorney fees requested under the EAJA is reasonable; and the Commissioner is directed to pay counsel that amount.

At Pensacola, Florida, this 27th day of March 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

  Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* **28 U.S.C. § 636;** <u>United States v. Roberts,</u> **858 F.2d 698, 701 (11th Cir. 1988).**