IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMES M. JONES,
      Plaintiff,

vs.                             Case No.:  3:04cv362/MCR/EMT

MICHAEL J. ASTRUE,
Commissioner of the
Social Security Administration,
      Defendant.
_____/

### REPORT AND RECOMMENDATION

This cause is before the court upon a "Petition for Authorization of Attorney Fees" and supporting documentation filed by Plaintiff's counsel (hereinafter "Petitioner") (Docs. 38), and Defendant's response thereto (Doc. 40).  Pursuant to 42 U.S.C. § 406(b), Petitioner seeks attorney's fees for services provided to Plaintiff in connection with Plaintiff's claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) (Doc. 38).

I.      BACKGROUND

Petitioner was appointed by Plaintiff to represent him in connection with his claims for DIB and SSI on August 21, 2002 (Doc. 38 at 1).  At that time, Plaintiff signed a fee agreement with Petitioner in which he agreed to payment of attorney's fees equaling 25% of any accumulated past due benefits paid to him in the event of the successful prosecution of his claim (Doc. 38 at 1–2; Doc. 38, Ex. C).  Plaintiff's claims were denied initially and upon reconsideration by the Commissioner of the Social Security Administration ("Commissioner") (Doc. 38 at 2).  His claims were also denied after a hearing, and the Appeals Council subsequently denied Plaintiff's request for review (*id.*).

Thus, on October 20, 2004, Petitioner filed a civil action in this court on Plaintiff's behalf (*id.*; *see also* Doc. 1).  On December 21, 2004, the Commissioner filed a Motion to Remand pursuant to sentence six of 42 U.S.C. § 405(g) (Doc. 10). The Commissioner stated that remand was appropriate to complete the administrative record because no evidence was entered into the record

from sections A, B, or D from Plaintiff's Modular disability file (*id.*).  On December 29, 2004, the undersigned issued a Report and Recommendation (R & R) in which it was recommended that Defendant's motion to remand be granted (Doc. 11).  On January 28, 2005, U.S. District Judge M. Casey Rodgers adopted the R and R and remanded this cause for further proceedings pursuant to sentence six of 42 U.S.C. § 405(g) (Doc. 13).

On September 15, 2005, the Commissioner filed a Second Motion for Remand Pursuant to Sentence Six of 42 U.S.C. § 405(g) (Doc. 18).   The Commissioner stated that remand was appropriate for the Commissioner to: "properly evaluate the opinion of Scott G. Moore, M.D., Plaintiff's treating physician; properly articulate explicit and adequate reasons for discrediting Plaintiff's subjective complaints pursuant to 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3); and consider whether Plaintiff's past work as a janitor constitutes past relevant work" (*id.* at 2).  On September 19, 2005, the undersigned issued an R and R recommending that the decision of the Commissioner be reversed and the claim be remanded to the Commissioner for further proceedings consistent with the Defendant's motion to remand (Doc. 19).  On October 19, 2005, the District Court adopted the R and R and again remanded this cause for further proceedings (Doc. 20).

Pursuant to the order of the Court, Plaintiff's claim was remanded by the Appeals Council, in an order dated March 31, 2006, to the Office of Hearings and Appeals for further proceedings (Doc. 38 at 3).  A hearing was held by an Administrative Law Judge (ALJ) on October 25, 2006 (*id.*).  On October 27, 2006, the ALJ issued a fully favorable decision in which he found that Plaintiff is disabled and is entitled to receive disability benefits commencing June 15, 2000 (*id.* at 4).  On January 5, 2007, the undersigned issued a third R and R, recommending that Plaintiff's complaint be dismissed and a final judgment in favor of Plaintiff be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure (Doc. 31).  On February 13, 2007, the R and R was adopted, and a final judgment in favor of Plaintiff was entered (Doc. 32).  Finally, on March 14, 2007, Petitioner filed a motion for attorney's fees under the Equal Access to Justice Act (EAJA), in which he sought compensation for 7.4 hours for work spent on Plaintiff's behalf in federal court at the rate of $125.00 per hour (Doc. 34).  The motion was granted, and Petitioner was awarded EAJA fees in the amount of $925.00 (*see* Docs. 36, 37).  These funds have been held in Petitioner's trust account and will be distributed to Plaintiff upon resolution of the instant matter (*see* Doc. 38 at 8).

## II.      ANALYSIS

In the instant motion, Petitioner has requested a fee of $7,603.50 for 7.40 hours of work spent representing Plaintiff in federal court (Doc. 38 at 4; Doc. 40 at 1), while acknowledging that he has previously received $5,300.00 in attorney's fees for representing Plaintiff at the administrative level, as well as an EAJA award of $925.00 (Doc. 38 at 4, 8).  The amount requested by Petitioner is derived from a notice received by Petitioner indicating that $7,603.50 is being withheld from Plaintiff's award by the Commissioner's Office of Central Operations, in anticipation of direct payment of an authorized attorney's fee (Doc. 38 at 4; Doc. 38, Ex. B).[1]

The instant request by Petitioner is made pursuant to 42 U.S.C. § 406(b),[2] and does not exceed the maximum recovery permitted under the terms of that statute.  In support of Petitioner's argument that the amount requested is reasonable, Petitioner notes that he spent 7.4 hours litigating Plaintiff's case in this court, that he obtained a favorable result for Plaintiff (i.e., an award totaling $51,614.00), that he is well experienced in this area of the law, which increased the likelihood of obtaining a favorable outcome for Plaintiff with a minimum expenditure of attorney time, and that he has a lengthy attorney-client relationship with Plaintiff (i.e., four and one-half years) (*see* Doc. 38).  Further, Petitioner states that the fee is reasonable because Plaintiff agreed to pay a fee of 25% of his past-due benefits, and the amount requested is consistent with the agreement (*id.*).

Defendant notes that an award of $7,603.50 would be equivalent to a de facto hourly rate of $1,027.50 ($7,603.50/7.4 hours), and therefore, objects to Petitioner's request as being "unreasonable" and as representing a "windfall to counsel" (Doc. 40 at 3).

Attorneys handling Social Security proceedings may seek fees for their work under two different statutory provisions, the EAJA and 42 U.S.C. § 406.  The EAJA allows for an award of attorney fees against the government when the party seeking fees is the prevailing party in a civil

---

[1]Although the notice does not indicate the precise amount awarded to Plaintiff in past due benefits, Petitioner avers that the total award must have amounted to $51,614.00, because $12,903.50 (i.e., $7,603.50 + $5,300.00) is 25% of $51,614.00 (*see* Doc. 38 at 5).  The Commissioner has not disputed these calculations or figures (*see* Doc. 40).

[2]Section 406(b) provides, in pertinent part, that
Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

action brought against the United States.  28 U.S.C. § 2412.  Fees under the EAJA penalize the Commissioner for assuming an unjustified legal position and are paid out of Social Security Administration funds.  McGraw v. Barnhart, 450 F.3d 493, 497 (10th Cir. 2006).

Title 42 U.S.C. § 406 allows for recovery of attorney's fees for representation of individuals claiming Social Security benefits, both at the administrative level and in court.  "The statute deals with the administrative and judicial review stages discretely:  § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." Gisbrecht v. Barnhart, 535 U.S. 789, 794, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002).  For representation of a benefits claimant at the administrative level, an attorney may file a fee agreement with the agency in advance of a ruling on the claim for benefits.  Section 406(a).  If the ruling on the benefits claim is favorable to the claimant, the agency will generally approve the fee agreement subject to a limitation that the fees may not exceed the lesser of 25% of past due benefits or $5,300.00.  Gisbrecht, 535 U.S. at 795.  For proceedings in court, when a judgment favorable to the benefits claimant is rendered, the court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of past due benefits to which the claimant is entitled by reason of such judgment." Section 406(b)(1)(A).  The fee is payable "out of, and not in addition to, the amount of [the] past due benefits." *Id.*  Finally, although fees can be awarded under both the EAJA and § 406(b), Congress has precluded receipt of attorney fees for the same services provided under the EAJA and the Social Security Act.  *See* § 406(b)(1)(A).

In 2002, the Supreme Court held that the provision of § 406(b) that limits attorney fees to 25% of past due benefits was designed to control, and not to displace, contingency fee agreements that are within the statutory ceiling.  Gisbrecht, 535 U.S. at 808–09.  The Court concluded that § 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807.  Accordingly, within the "25 percent boundary" permitted by § 406(b), the "attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*

The Supreme Court did not specifically define the factors that lower courts should consider when determining the reasonableness of a § 406(b) fee.  It did, however, note with approval the

approach of courts that have reduced an attorney's recovery based on the character of the attorney's representation and the results the representation achieved. *Id.* at 808 (citing McGuire v. Sullivan, 873 F.2d 974, 983 (7th Cir. 1989)). For example, if an attorney is responsible for delay, a reduction may be in order to prevent the attorney from profiting from the accumulation of benefits during the case's pendency. *Id.* (citing Rodriguez v. Brown, 865 F.2d 739, 746 (6th Cir. 1989)). In addition, "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *Id.* (citing Rodriguez and Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990)).

Cases decided since Gisbrecht have generally been deferential to the terms of contingent fee contracts, accepting de facto hourly rates that exceed those for non-contingent fee cases. *See, e.g.*, Joslyn v. Barnhart, 389 F. Supp. 2d 454 (W.D.N.Y. 2005) (awarding de facto hourly rate of $891); McPeak v. Barnhart, 388 F. Supp. 2d 742 (S.D.W. Va. 2005) (approving $681); Hearn v. Barnhart, 262 F. Supp. 2d 1033 (N.D. Cal. 2003) (approving $450); Boyd v. Barnhart, 2002 U.S. Dist. LEXIS 26690 (E.D.N.Y. 2002) (approving $455); Dodson v. Barnhart, 2002 U.S. Dist. LEXIS 27408 (W.D. Va. 2002) (approving $694); Coppett v. Barnhart, 242 F. Supp. 2d 1380 (S.D. Ga. 2002) (approving $350). Additionally, the undersigned notes that cases in this District have resulted in similar results. *See, e.g.*, Lambert v. Barnhart, Case No. 3:03cv302/RV/MD (approving $982 on September 5, 2006 (Docs. 26, 27)); White v. Barnhart, 3:02cv78/LAC/MD  (approving $741.81 on February 9, 2005 (Docs. 32, 33)). Moreover, in another case in this District, the court reduced a requested fee, but still awarded this same Petitioner a fee based on an effective hourly rate of $1,250.00, in a case in which plaintiff prevailed in this court, but on a issue identified by the magistrate judge, not by counsel. Lindsey v. Barnhart, 3:99cv475/RV/MCR (N.D. Fla. 2003).

III.    CONCLUSION

The undersigned finds that the fee requested, being the fee contemplated in the fee agreement between Plaintiff and Petitioner, while high, is in line with other reported post-Gisbrecht decisions, and is reasonable. In pertinent part, the court notes that there is no dispute as to whether the amount requested is within the statutory and contract-based maximum of 25% of past due benefits.

Moreover, there is no allegation of undue delay by Petitioner, and he has represented Plaintiff for more than four years on a contingency basis, all the while assuming a risk that he would recover no fee for his services.  Additionally, the court cannot fault the character of the representation provided by Petitioner in this case, as Petitioner was effective in achieving two remands in this court, which ultimately led to a favorable disability determination by the Commissioner and resulted in a sizable benefits award to Plaintiff.  Further, a less experienced attorney than Petitioner may have expended significantly more time on Plaintiff's case, and Petitioner should not be penalized for his expertise and efficiency.  In short, the court is persuaded that Petitioner has met his burden of showing that his request for $7,603.50 in attorney's fees is reasonable.

Therefore, Petitioner should refund to Plaintiff the previously awarded EAJA fees of $925.00 and should be awarded $7,603.50 pursuant to Section 406(b).

Accordingly, it is respectfully **RECOMMENDED**:

1.      That Petitioner's Petition for Authorization of Attorney Fees, pursuant to 42 U.S.C. § 406(b) (Docs. 38), be **GRANTED**.  Petitioner should be awarded attorney's fees in the amount of $7,603.50, to be paid out of the sums withheld by the Commissioner from Plaintiff's past due benefits.

2.      That upon receipt of attorney's fees in the amount of $7,603.50 pursuant to 42 U.S.C. § 406(b), Petitioner shall immediately refund to Plaintiff the previously awarded EAJA sum of $925.00.

At Pensacola, Florida, this 30th day of January 2008.

/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).